UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASON RYAN POOLE,                                                                                                Plaintiff,

v.                                     Civil Action No. 3:18-cv-P704-DJH

HARDIN CTY. DETENTION CENTER *et al.*,                        Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jason Ryan Poole filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. Plaintiff filed an amended complaint (Docket No. 7) one week after filing his original complaint. The Court construes the amended complaint as a motion to amend the complaint and **GRANTS** the motion. *See* Fed. R. Civ. P. 15(a)(1)(A).

This matter is before the Court on initial review of the amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I.**

Plaintiff is a convicted inmate at the Hardin County Detention Center (HCDC). He sues HCDC; Major Timbers, the Assistant Jailer at HCDC; Jailer Danny Allen; and Corporal Gunter, a correctional officer at HCDC. He sues Defendants in their individual and official capacities.

Plaintiff states that on September 8, 2018, he was "caught in the midst of another inmate being pepper sprayed, and I was sprayed as a result." He states that the incident began when officers came into the pod "to lock us all down over something in which I had no involvement." He asserts, "I do not know why inmates were being maced, but I do know that I was maced as a result of an officer's carelessness."

Plaintiff continues, "Once I was maced and locked down, I repeatedly requested proper treatment and was completely ignored. I was unable to clean the pepper spray until the following day, which is directly against the protocol pertaining to being sprayed." He asserts, "Not only was the situation in which I was sprayed uncalled for, but the fact that officers refused to allow me to clean myself up was reckless and totally unprofessional." Plaintiff further states, "I presented no physical or verbal threat and was in fact not even the individual that the officer intended on spraying."

As relief, Plaintiff seeks punitive damages and to be released from custody.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### *HCDC and official-capacity claims*

Plaintiff sues HCDC and Timbers, Allen, and Gunter in their official capacities. HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Hardin County is the proper defendant. *Smallwood v. Jefferson Cty.*

3

*Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). Further, Hardin County is a "person" for purposes of § 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Court therefore will construe the claim against HCDC as a claim brought against Hardin County.

Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. at 503. Therefore, the Court construes Plaintiff's official-capacity claims against Timbers, Allen, and Gunter as brought against their employer, Hardin County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To satisfy the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he was "maced as a result of an officer's carelessness[;]" that he requested "proper treatment" and was ignored; and that he was not allowed to clean himself until the following day. However, he does not allege that any action or inaction of Defendants occurred as a result of a policy or custom implemented or endorsed by Hardin County. Plaintiff alleges isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's claims against HCDC and his official-capacity claims against the other Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### *Individual-capacity claims*

While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must allege how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The amended complaint fails to state how any of the individually named Defendants was personally involved in the events giving rise to the claims. Therefore, the individual-capacity claims against Timbers, Allen, and Gunter must be dismissed for failure to state a claim upon which relief may be granted.

5

To the extent that Plaintiff sues Allen or Timbers based on their supervisory roles as Jailer and Assistant Jailer of HCDC, respectively, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto employers or supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Accordingly, any claim against Allen or Timbers based on their roles as supervisors of other HCDC personnel must be dismissed for failure to state a claim upon which relief may be granted.

With regard to Plaintiff's claim that he was pepper sprayed, even if Plaintiff had alleged which Defendant pepper sprayed him, the claim would still fail. The Court construes the claim as alleging excessive force in violation of the Eighth Amendment. The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (internal quotation marks and citation omitted). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Therefore, to state an Eighth Amendment claim, an inmate must allege that a prison official: (1) was actually aware of a substantial risk that the plaintiff would suffer serious harm; and (2) knowingly disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Negligence is not sufficient to state a claim under the Eighth Amendment. *White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 2001).

Plaintiff alleges that he was "caught in the midst of another inmate being pepper sprayed, and I was sprayed as a result[]" and that he was "maced as a result of an officer's carelessness." Plaintiff's allegation amounts to a claim of negligence, which does not give rise to an Eighth

6

Amendment claim. Therefore, Plaintiff's claim based on the pepper spraying act itself must be dismissed for failure to state a claim upon which relief may be granted.

Finally, in regard to Plaintiff's allegations that he was denied "proper treatment" and that he was not allowed to clean himself until the following day, even if Plaintiff had alleged which Defendant was responsible for these actions, the claim would still fail. The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons require a "physical" injury in order to permit recovery. 42 U.S.C. § 1997e(e). In interpreting this statute, courts require that a prisoner have suffered an injury that is more than *de minimis*; injuries that are merely *de minimis* do not satisfy the requirement of § 1997e(e). *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).

Plaintiff states no facts concerning any physical injury he may have suffered. Therefore, Plaintiff's complaint fails to state sufficient facts to show that Plaintiff suffered a non-*de minimis* physical injury as a result of any of Defendants' actions. Accordingly, Plaintiff's claims based on failure to treat him for the effects of the pepper spraying must be dismissed for failure to state a claim.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion and Order.

Date: March 15, 2019

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
 Hardin County Attorney
4415.010